NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2394

_____

UNITED STATES OF AMERICA

v.

MAURICE FREZZELL,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-17-cr-00208-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 25, 2019

BEFORE:  GREENAWAY, JR., PORTER, and GREENBERG, Circuit Judges.

(Filed: October 31, 2019)
_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I.      INTRODUCTION

Defendant-Appellant Maurice Frezzell files this appeal in a criminal action challenging his conviction at a jury trial for distribution and possession with intent to distribute heroin.  Frezzell contends that the District Court impermissibly allowed the government to solicit irrelevant and prejudicial testimony from its star witness that influenced the jury's verdict.  For the reasons stated below, we will affirm.

## II.      FACTUAL BACKGROUND

The facts of this case are uncomplicated.  The police believed that Frezzell was a drug dealer and they determined to arrest him for that reason.  Late in 2015, the government enlisted the assistance of Glenn Albert, a drug user known to Frezzell, to set up a sting operation to bring about Frezzell's arrest.  Under the observation of investigators, Albert arranged to purchase two bricks of heroin from Frezzell at a designated time at a bar in Monessen, Pennsylvania.  The investigators observed Frezzell enter the bar shortly after Albert, and less than ten minutes later Frezzell left the bar ahead of Albert.  Albert left the bar a few minutes afterwards and met with the investigators at a pre-determined location with possession of two bricks of heroin.

During the meeting Albert was wearing recording devices that relayed video and audio of the encounter to the investigators in real time.  Although the recordings did not reflect the drugs being transferred from Frezzell to Albert, there were recordings of them

2

talking to each other at the bar, including a conversation that appears to have been a negotiation of the price for the drugs. Albert testified at trial that he obtained the two bricks of heroin from Frezzell at the bar.

During Albert's testimony, the prosecutor in questioning allowed under federal law asked him to disclose his cooperation with the government, and, in particular, that he had received compensation for his cooperation in the forms of monetary payment and the cessation of prosecution in other cases. See United States v. Bagley, 473 U.S. 667, 683-84, 105 S.Ct. 3375, 3384 (1985). Albert also testified to his history of drug use, and admitted that he had used drugs ten days prior to testifying, an admission which led to the following exchange:

Q: You told us that about ten days ago you had smoked crack cocaine.

A: Uh-huh.

Q: What's happened in your family in the last couple of weeks that caused you to --

A: Yeah, just --

[DEFENSE COUNSEL]: Objection; relevance, Your Honor.

THE COURT: Overruled.

BY [GOVERNMENT]:

Q: Go ahead, sir.

A: Would you repeat the question? What's happened in my life, my family?

Q: Yes, that caused you to go back to drugs.

A: There's just been a couple of—a couple of things. My daughters, both—one is graduating from college, one's graduating from high school. My ex-wife and I were like best friends up until a few weeks ago. And I don't know what happened, but—we've been separated for four or five years, divorced a couple of years, and she found somebody else, and—you know, kind of—kind if [sic] hurt me a little bit. I'm still—I'm still a little bit hurt; but, you know, I fell into a backslide, and I'm not proud of it. You know, I jumped out of it pretty quickly and I—I—I just need to get my life back to where it was.

Supp. App. SA180-81. After hearing this testimony to which Frezzell objected and other evidence, the jury convicted Frezzell. After sentencing, this appeal followed.

## III. DISCUSSION

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. On this appeal, Frezzell raises only one challenge to his conviction: he argues that the District Court erred when it overruled his relevancy objection to the above testimony regarding Albert's explanation for his then recent use of drugs. Frezzell contends that the testimony was prejudicial because it "elicit[ed] . . . sympathy for [the government's] star witness Glenn Albert which endeared him to the jury." Appellant's br. 2.[1] We disagree with his contention that the evidence was unfairly prejudicial even if we accept his doubtful claim that it caused the jury to be sympathetic to Albert.

---

[1] We generally review a district court's evidentiary rulings for abuse of discretion. United States v. Bailey, 840 F.3d 99, 117 (3d Cir. 2016). If the defendant failed to object, we review for plain error. United States v. Christie, 624 F.3d 558, 567 (3d Cir. 2010).

4

First, we reject the challenge that the testimony was not relevant. It long has been recognized that

> [a] witness is not rendered incompetent to testify merely because the witness was under the influence of drugs at the time of testifying. A witness under the influence of drugs is competent to testify unless he or she is so impaired that he or she cannot coherently respond to questioning. It is not an abuse of discretion for a trial court to allow or refuse to strike testimony from a witness who is under the influence of alcohol or drugs. If it is determined a witness in [sic] intoxicated at the time of giving testimony, it is proper for the trial court to allow the testimony and leave it for the jury to determine the proper weight of the witness' testimony.

98 C.J.S. Witnesses § 115 (2019). Of course, "[i]f the witness was under the influence at the time of the events which he testifies to or at the time he testifies, this condition is provable to impeach on cross or by extrinsic evidence." 1 McCormick on Evid. § 44 (7th ed. 2016). Evidence offered to "show that [a witness] was so much addicted to the use of the drug that the question whether, at the moment of testifying, [he or] she was under its influence, or had recovered from the effects of its last administration, ha[s] a material bearing upon [his or] her reliability as a witness" and is therefore admissible. Wilson v. United States, 232 U.S. 563, 568, 34 S.Ct. 347, 349 (1914).

We are satisfied that Albert's testimony during the exchange was relevant and admissible. After he had informed the jury of his history of drug use, and disclosed that as recently as ten days earlier he had used drugs, it was proper for the government to question him on the issue of whether the use was an isolated incident as opposed to habitual use, and whether he had recovered from the effects of the latest use. We are satisfied that "the evidence was not offered or admitted for its bearing upon [the witness']

5

character[.]" Accordingly, the District Court did not err in overruling Frezzell's objection.

We also reject Frezzell's contention that the testimony was unfairly prejudicial. We recognize that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. But in this case we do not see why the probative value of the evidence was substantially outweighed by any of the possible bases for its exclusion outlined in Rule 403. Frezzell challenges the admission of the testimony on the theory that it made Albert sympathetic to the jury or even, as Frezzell certainly overstates, endeared him to the jury. However, Albert was not on trial. Consequently, the jury was not tasked to decide whether Albert should be punished for a crime, so we do not understand why any potential sympathy for him had any bearing on the jury's determination of whether he was credible.

Moreover, in order for us to conclude that the District Court made an error so serious in admitting the challenged testimony that it requires us to reverse his conviction, Frezzell must show that the error contributed to the conviction. See United States v. Ali, 493 F.3d 387, 392 n.3 (3d Cir. 2007) (finding that an evidentiary error is harmless if "it is highly probable that [it] did not contribute to conviction"); United States v. Toliver, 330 F.3d 607, 612 (3d Cir. 2003) (finding that non-constitutional errors are harmless unless they "had substantial and injurious effect or influence in determining the jury's verdict") (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253 (1946)). We

6

are convinced that even if the Court erred in admitting the testimony in question, overwhelming evidence in the record against Frezzell made its admission harmless.

In the above regard it is clear that if Albert had not testified that he bought the drugs from Frezzell, there was still clear evidence that Frezzell arrived at the designated time and agreed upon place for the drug transaction and entered the location. There were recordings of the conversation between him and Albert inside the bar, and the evidence was undisputed that the two met as planned. There were no recordings of Albert speaking to anyone else other than the bartender to order drinks. And most damningly, Albert left the bar with two bricks of heroin in his possession, the exact amount he was tasked to purchase from Frezzell. Thus, even without Albert's testimony there was no reasonable explanation for how he obtained the drugs, other than he obtained them from Frezzell, exactly as planned by the investigators in the sting operation. In sum, we find that the District Court did not err in admitting the contested testimony, because we reject any contention that it was irrelevant or unfairly prejudicial. Furthermore, even if the evidence should not have been admitted its admission was harmless. Accordingly, we will affirm the judgment of conviction and sentence of June 13, 2018.